IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

Alexandria Division

FILED

OCT 1 0 2007

CLERK U.S. DISTRICT COURT
ALEXANDRIA, VIRGINIA

JOSE CAMINERO,              )
                           )
        Plaintiff,         )
                           )
        v.                 )      1:07cv800 (JCC)
                           )
WELLS FARGO d/b/a          )
AMERICA'S SERVICING CO.,   )
et al.                     )
                           )
        Defendants.        )
                           )

**M E M O R A N D U M   O P I N I O N**

This matter is before the Court on Defendant's Motion
to Dismiss, or, alternately, that all necessary parties be
joined, and Plaintiff's Motion for Leave to Amend Complaint to
Permit Joinder of New Parties.  For the reasons stated below,
Defendant's Motion to Dismiss will be denied, its alternate
request for joinder granted, and Plaintiff's Motion for Leave to
Amend will be granted.

## I.  Background

This action arises from a consolidation and refinancing
mortgage loan transaction ("the Transaction") obtained from
Defendant Nationstar Mortgage LLC ("Nationstar"), formerly CENTEX
HOME EQUITY COMPANY, LLC, for the property located at 2317 N.
Evergreen Street, Arlington, Virginia 22207 ("the Property"), on
or about December 15, 2005, by Plaintiff Jose Caminero

("Plaintiff") and his wife, Michel Caminero.  Defendant Wells
Fargo d/b/a America's Servicing Co. ("Wells Fargo") is the
Servicer of the mortgage loan transaction, and Deutsche Bank
National Trust Company ("Deutsche Bank") is the Noteholder.
Samuel I. White, P.C., a debt collector, is the substitute
trustee seeking foreclosure in this action.

A Warranty Deed was executed on April 18, 2006,[1]
transferring the Property from Jose and Michel Caminero to the
Evergreen Drive Trust, a Series Sub-Trust and Quarantine to the
Caminer Business Trust (the "Evergreen Trust").  The beneficial
owners of that trust are Jose Caminero, LLC, a limited liability
company whose initial member is the Living Trust of Jose Caminero
(with Jose Caminero as Trustee) and Michel Caminero, LLC, a
limited liability company whose initial member is the Living
Trust of Michel Caminero (with Michel Caminero as Trustee).

Plaintiff failed to receive duplicate copies of the
Notice of Right to Cancel from Defendant Nationstar.  On February
7, 2007, Plaintiff sent a qualified written request ("QWR") to
Defendant Wells Fargo requesting specific information,
documentation disclosures, and Servicer related disclosures.
Defendant Wells Fargo responded with letters dated February 19

---

[1] The documents offered by Plaintiff with Pl's Opp'n to Def's Mot. to
Dismiss & Pl's Mem. of P. & A., including this Warranty Deed, Articles of
Organization, and Articles of Trust, among others, are unexecuted.  For the
purposes of this Motion, this Court will presume that there exist validly
executed versions of these documents.

and February 20, 2007, but did not include the requested disclosures.  Plaintiff sent a second QWR and valid rescission notices to Defendants Nationstar and Wells Fargo on June 30, 2007 requesting specific information, documentation disclosures and Servicer related disclosures.  He received no response from Defendant Nationstar.  He received responses from Wells Fargo, dated July 12, 16, and 17, 2007, which did not address Plaintiff's rescission notice or seek judicial guidance for rescission and failed to terminate collection of finance charges and interest.

On August 13, 2007, Plaintiff Jose Caminero filed suit in this Court against Wells Fargo and Nationstar alleging violations of the Truth In Lending Act ("TILA") and the Real Estate Settlement Procedures Act ("RESPA") and seeking damages including the rescission of the underlying transaction, termination of any security interest in the Property given as consideration for the loan, and the return of all monies paid by Jose and Michel Caminero pursuant to their financial obligations arising from the transaction.  On September 5, 2007, Defendant Wells Fargo filed a Motion to Dismiss under Federal Rule of Civil Procedure Rule 12(b)(7) for failure to include necessary parties in the Complaint.  Plaintiff responded on September 18, 2007, seeking leave to amend his Complaint to correct any defects.  On September 25, 2007, Defendant Wells Fargo filed a Reply

3

Memorandum in Support of their Motion to Dismiss the Complaint
requesting joinder of all necessary parties.  On October 9, 2007,
Plaintiff moved to amend the Complaint to join Michel Caminero as
party plaintiff and to join two defendants, Deutsche Bank
National Trust Company ("Deutsche Bank") and Samueal I. White,
P.C.   These Motions are currently before the Court.

## II. Standard of Review

"Rule 12(b)(7) of the Federal Rules of Civil Procedure
allows a court to dismiss an action for failure to join a party
in accordance with Rule 19." *W. Va. Advocates, Inc. v. Mitchell*,
2007 U.S. Dist. LEXIS 24610 (D.W.Va. 2007)(citing *RPR & Assocs.
v. O'Brien/Atkins Assocs., P.A.*, 921 F. Supp. 1457, 1463
(M.D.N.C. 1995); 5C Charles Alan Wright & Arthur R. Miller,
Federal Practice and Procedure § 1359 (3d ed. 2004)).  "Rule 19
creates a two-step inquiry: first, whether a party is necessary
to a proceeding because of its relationship to the matter under
consideration; and second, if a necessary party is unavailable,
whether the proceeding can continue in that party's absence.  If
it cannot, the party is indispensable and the action should be
dismissed." *Teamsters Local Union No. 171 v. Keal Driveaway Co.*,
173 F.3d 915, 918 (4th Cir. 1999)(internal citations omitted).  A
party is "necessary" if they are "subject to service of process,"
their "joinder will not deprive the court of jurisdiction over
the subject matter of the action, and

4

> (1) in the person's absence complete relief cannot be accorded among those already parties, or (2) the person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may (i) as a practical matter impair or impede the person's ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest.

Fed. R. Civ. Pro. 19(a). If joinder is not possible under Rule 19(a), then the Court must consider whether the party is "indispensable" under Rule 19(b), in that they are so essential to the case that it otherwise must be dismissed. Fed. R. Civ. Pro. 19; *Southern Co. Energy Mktg., L.P. v. Virginia Elec. & Power Co.*, 190 F.R.D. 182, 186 (E.D. Va. 1999).

Rule 20(a) permits joinder of plaintiffs who "assert any right to relief jointly, severally, or in the alternative in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all these persons will arise in the action," and, similarly, of defendants "if there is asserted against them ... any right to relief in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. Pro. R. 20.

### III. Analysis

This action arises out of a question of a refinancing obtained on the Property, the title to which was then conveyed in

5

fee simple to the Evergreen Drive Trust by Warranty Deed dated
April 18, 2006.  That trust is a Series Sub-Trust and Quarantine
to the Caminer Business Trust, whose beneficial owners are Jose
Caminero, LLC, and Michel Caminero, LLC.[2]  As beneficial owners
of the trust and thus the property, any rescission, termination
of security interest, or other financial repercussions related to
the refinancing arising out of this action will necessarily
affect their interests.  Plaintiff requests the return of money
and property given by himself and his wife in connection with the
Transaction, money and property which Michel Caminero could also
claim ownership of, potentially leaving Defendant at risk of
double or inconsistent obligations.  As Michel Caminero, Michel
Caminero, LLC, Jose Caminero, LLC, and the Evergreen Drive Trust
are parties to this dispute, there is a significant possibility
of duplicative litigation if they are not joined in this action.

Plaintiff also requests joinder of two new defendants,
Deutsche Bank and Samuel I. White, P.C.  As the claims against
them arise out of the same series of transactions, and there are
common questions of law and fact, their joinder is permissible.

Dismissal of this action is inappropriate under Rule
12(b)(7) because necessary parties can be joined according to
Rules 19 and 20.  Therefore, this Court will order that Evergreen

---

[2] As mentioned above, the documents offered by Plaintiff with Pl's Opp'n
to Def's Mot. to Dismiss & Pl's Mem. of P. & A. are unexecuted.

Drive Trust, Jose Carminero, LLC, and Michel Carminero, LLC, be joined as parties in accordance with Federal Rule of Civil Procedure 19, and Plaintiff will be granted leave to join Michel Caminero as a party Plaintiff under Rule 20.

### IV. Conclusion

For the reasons stated above, Defendant Wells Fargo d/b/a America's Servicing Co.'s Motion to Dismiss will be DENIED, its alternate request that all necessary parties be joined will be GRANTED, and Plaintiff's Motion for Leave to Amend Complaint to Permit Joinder of New Parties will be GRANTED.

An appropriate Order will issue.

October 10, 2007
Alexandria, Virginia

/s/
James C. Cacheris
United States District Judge

James C. Cacheris
UNITED STATES DISTRICT COURT JUDGE

7