```
            IN THE UNITED STATES DISTRICT COURT
           FOR THE EASTERN DISTRICT OF VIRGINIA

                       Alexandria Division


JOSE CAMINERO, et al.,       )
                             )
     Plaintiffs,             )
                             )
         v.                  )      1:07cv800 (JCC)
                             )
WELLS FARGO BANK, N.A. d/b/a/)
AMERICA'S SERVICING CO.,     )
et al.,                      )
                             )
     Defendants.             )
```

### **M E M O R A N D U M   O P I N I O N**

This matter is before the Court on Defendant Wells Fargo Bank, N.A. d/b/a America's Servicing Co.'s Motion to Dismiss and Defendant Nationstar Mortgage, LLC f/k/a Centex Home Equity Co., LLC's Motion to Dismiss Plaintiffs Jose Caminero, et al.'s Second Amended Complaint.  For the following reasons, the Court will grant Defendants' Motions.

### **I. Background**

This action arises out of a mortgage loan transaction (the "Transaction") between Plaintiffs Jose Caminero and Michel Caminero ("the Camineros") and Defendant Nationstar Mortgage LLC, f/k/a Centex Home Equity Company, LLC ("Nationstar") where the Camineros consolidated and refinanced a previous mortgage loan on their property located at 2317 North Evergreen Street, Arlington, Virginia 22207 (the "Property").  The loan closed on or about

1

December 15, 2005, at which time Nationstar provided the Camineros with a variety of documents related to the Transaction. Defendant Wells Fargo Bank, N.A. d/b/a America's Servicing Co. ("Wells Fargo") is the current Servicer of the mortgage loan, while Defendant Deutsche Bank National Trust Company ("Deutsche Bank") is the Noteholder and Defendant Samuel I. White, P.C. ("Mr. White") the substitute trustee.

On April 18, 2006, the Camineros executed a General Warranty Deed[1] transferring the Property from the Camineros to Plaintiff Evergreen Drive Trust, a Series Sub-Trust and Quarantine Business Trust (the "Evergreen Drive Trust"). The beneficial owners of the Evergreen Drive Trust are Plaintiffs Jose Caminero, LLC and Michel Caminero, LLC.

Plaintiffs allege that at the December 15, 2005 closing, Nationstar provided the Camineros with only two copies of the Notice of Right to Rescind instead of four, the number of copies to which they are entitled. On February 7, 2007, the Camineros sent a Qualified Written Request ("QWR") to Wells Fargo requesting specific information and documentation disclosures material to ownership of the mortgage loan under 15 U.S.C. § 1641(f)(2), as well as Servicer related disclosures. Wells Fargo responded with letters dated February 19 and February 20, 2007,

---

[1] Though not attached to the Second Amended Complaint, because the General Warranty Deed is a matter of public record whose authenticity is unquestioned, the Court may consider it in deciding these Motions to Dismiss. *Arnlund v. Smith*, 210 F. Supp. 2d 755, 760 (E.D. Va. 2002).

and provided copies of the Adjustable Rate Note (the "Note") and Deed of Trust, but did not include all of the requested disclosures.  The Camineros sent a second QWR and a rescission notice to Nationstar and Wells Fargo on June 30, 2007, again requesting specific information and documentation disclosures material to ownership of the Loan under 15 U.S.C. § 1641(f)(2) and Servicer related disclosures.  They received no response from Nationstar, but did receive responses from Wells Fargo in three different letters dated July 12, 16, and 17, 2007.  None of those letters, however, addressed the Camineros' rescission notice, and none indicated that Wells Fargo had sought judicial guidance for rescission or terminated collection of finance charges and interest.

On August 13, 2007, Jose Caminero filed suit in this Court against Wells Fargo and Nationstar alleging violations of the Truth in Lending Act ("TILA") and the Real Estate Settlement Procedures Act ("RESPA") and seeking, among other things, the rescission of the Transaction, termination of any security interest in the Property created under the Transaction, and the return of all monies or property given by the Camineros to anyone in connection with the Transaction.  On September 5, 2007, Wells Fargo filed a Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(7) for failure to include necessary parties in the Complaint.  Jose Caminero then filed a Motion for Leave to File an Amended Complaint on October 9, 2007.  The following day,

this Court denied Wells Fargo's Motion to Dismiss and granted the Motion for Leave to File an Amended Complaint.

After filing their First Amended Complaint on October 10, 2007, the Camineros, Jose Caminero, LLC, Michel Caminero, LLC, and the Evergreen Drive Trust (collectively, "Plaintiffs") ultimately filed the Second Amended Complaint against Wells Fargo, Nationstar, Deutsche Bank, and Mr. White (collectively, "Defendants") on January 22, 2008.  The Second Amended Complaint, which seeks relief similar to the relief sought in the original Complaint, includes a TILA claim against all Defendants and a RESPA claim against Wells Fargo.  On February 11, 2008, Wells Fargo and Nationstar each filed a Motion to Dismiss Plaintiffs' Second Amended Complaint.  These Motions are currently before the Court.

## II. Standard of Review

A Rule 12(b)(6) motion to dismiss tests the legal sufficiency of the complaint, *see Randall v. United States*, 30 F.3d 518, 522 (4th Cir. 1994), and should be denied unless "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  *De Sole v. United States*, 947 F.2d 1169, 1177 (4th Cir. 1991)(citations omitted); *see also Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).

In passing on a motion to dismiss, "the material allegations of the complaint are taken as admitted." *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969) (citations omitted). Moreover, "the complaint is to be liberally construed in favor of plaintiff." *Id.* In addition, a motion to dismiss must be assessed in light of Rule 8's liberal pleading standards, which require only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8. However, while Rule 8 does not require "detailed factual allegations," a plaintiff must still provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, __ U.S. __, 127 S. Ct. 1955, 1964-65 (2007)(citation omitted).

### III. Analysis

#### A. Wells Fargo's Motion to Dismiss

Wells Fargo moves to dismiss both the TILA and RESPA claims. The Court will address each of these claims in turn.

##### 1) TILA

Plaintiffs' TILA claim arises out of the sole allegation that the Camineros received only one copy each, rather than two copies each, of the Notice of Right to Rescind. Pls.' Second Am. Compl. ¶¶ 20, 27. Plaintiffs argue that this error provides them with a "continuing right to rescind" the Transaction under TILA and Regulation Z that has not yet expired.

5

*Id.* ¶ 28.  Wells Fargo contends that the TILA claim should be dismissed on either of two grounds: (1) TILA expressly disclaims any liability for loan servicers like Wells Fargo for disclosure violations; and (2) Plaintiffs' time to exercise their right of rescission under TILA has expired.  The Court finds that the resolution of this second question is sufficient to decide Wells Fargo's Motion to Dismiss this claim.

      Section 1635(a) of TILA provides that:

> [I]n the case of a consumer credit transaction . . . in which a security interest . . . is or will be retained or acquired in any property which is used as the principal dwelling of the person to whom credit is extended, the obligor shall have the right to rescind the transaction until midnight of the third business day following the consummation of the transaction or the delivery of the information and rescission forms required under this section together with a statement containing the material disclosures required under [15 U.S.C. § 1601, *et seq.*], whichever is later . . . .

15 U.S.C. § 1635(a); *see also* 12 C.F.R. §§ 226.23(a)(1) & (3).

Regulation Z limits the right to rescind as follows:

> If the required notice or material disclosures are not delivered, the right to rescind shall expire 3 years after consummation, upon transfer of all of the consumer's interest in the property, or upon sale of the property, whichever occurs first.  In the case of certain administrative proceedings, the rescission period shall be extended in accordance with section 125(f) of the Act.

12 C.F.R. § 226.23(a)(3).  TILA further dictates that:

> An obligor's right of rescission shall expire three years after the date of consummation of the transaction or upon the sale of the property, whichever occurs first, notwithstanding the fact that the information and forms required under this section or any other

>    disclosures required under this chapter have not been
>    delivered to the obligor . . . .

15 U.S.C. § 1635(f).

According to the General Warranty Deed dated April 18, 2006, the Camineros did "sell and convey" the Property to the Evergreen Drive Trust, which was recorded with the Clerk of the Circuit Court of Arlington County, Virginia on May 4, 2006. *See* General Warranty Deed, Ex. A to Wells Fargo's Mot. to Dismiss. Wells Fargo contends that the plain language of both 12 C.F.R. § 226.23(a)(3) and 15 U.S.C. § 1635(f) dictates that the Camineros' right to rescind the Transaction expired on the day they sold and conveyed the Property and that the TILA claim should therefore be dismissed.

Plaintiffs respond by arguing that their right to rescind did not expire on April 18, 2006 because the General Warranty Deed did not terminate all of their interest in the Property. Instead, Plaintiffs claim that they retained an equitable beneficial interest in the Property as the beneficiaries of the Evergreen Drive Trust. *See* Pls.' Second Am. Compl. ¶¶ 8-9. To support their argument, Plaintiffs cite *Marcus, Santoro & Kozak, P.C., et al. v. Hung-Lin We, et al.*, 652 S.E.2d 777 (Va. 2007), where the Virginia Supreme Court held that a client has an equitable ownership interest in its funds that are deposited in an attorney trust account. *Id.* at 781-82. This rule is inapposite to the underlying case, however, because the

rule governing equitable ownership interests differs for business trust accounts. The Virginia Business Trust Act defines the interests of property transferred to a business trust as follows:

> B. 1. Except to the extent otherwise provided in the articles of trust or in the governing instrument of a business trust, a beneficial owner has no interest in specific business trust property.
>    2. A creditor of the beneficial owner has no right to obtain possession of, or otherwise exercise legal or equitable remedies with respect to, the property of the business trust.
> . . .
> F. A beneficial owner of a business trust does not have a vested property right resulting from any provision of the articles of trust.

Va. Code § 13.1-1226.

According to the Articles of Trust for the Evergreen Drive Trust, it is a business trust. Articles of Trust, Ex. A to Pl.'s Initial Opp'n to Wells Fargo's First Mot. to Dismiss. In addition, the Articles of Trust do not create an exception to the rule that the beneficial owner of a business trust has no interest in specific business trust property. *Id.* Consequently, when the Camineros sold and conveyed the Property to the Evergreen Drive Trust, their entire interest in the Property terminated. Even were this not the case, the beneficial owners of the Evergreen Drive Trust are not the Camineros themselves, but Jose Caminero, LLC and Michel Caminero, LLC. *See id.* These entities do not have a right to rescind. *See* 12 C.F.R. § 226.23(a)(1)(stating that the right to rescind is available only to a "consumer" whose "principal residence" is the property

secured by the loan).  Thus, the Court finds that the Camineros' interest in the Property terminated on April 18, 2006, and with it any right Plaintiffs had to rescind the Transaction.  Because their right to rescind expired before the Camineros sent the rescission notice of June 30, 2007, Plaintiffs cannot now seek to enforce that right, and the Court will grant Wells Fargo's Motion to Dismiss the TILA claim.[2]

### 2) RESPA

Plaintiffs' RESPA claim is based on Wells Fargo's failure to properly respond to Plaintiffs' QWRs of February 7, 2007 and June 30, 2007.  Wells Fargo argues for dismissal on several grounds, including the basis that these letters are not, in fact, QWRs.  The Court need not decide this last question, however, because it can resolve Wells Fargo's Motion on other grounds.

Under RESPA, a QWR is:

> written correspondence, other than notice on a payment coupon or other payment medium supplied by the servicer, that –
>     (i) includes, or otherwise enables the servicer to identify, the name and account of the borrower; and
>     (ii) includes a statement of the reasons for the belief of the borrower, to the extent applicable, that the account is in error or provides sufficient detail to the servicer regarding other information sought by the borrower.

---

[2] To the extent Plaintiffs are seeking damages against Wells Fargo for an alleged TILA violation, the statute of limitations on such a claim has run.  *See infra* Part III.B.

12 U.S.C. § 2605(e)(1)(B).  Once a loan servicer receives a QWR it must acknowledge receipt of the correspondence within 20 days. *Id.* § 2605(e)(1)(A).  Within 60 days of receipt, the loan servicer must, if necessary, conduct an investigation and:

> provide the borrower with a written explanation or clarification that includes –
>     (i) information requested by the borrower or an explanation of why the information requested is unavailable or cannot be obtained by the servicer; and
>     (ii) the name and telephone number of an individual employed by, or the office or department of, the servicer who can provide assistance to the borrower.

*Id.* § 2065(e)(2)(C).

In this case, Wells Fargo confirmed receipt of the Camineros' February 7 letter on February 19, 2007, within the 20 day time limit for such a response.  *See* Ex. 9 to Pls.' Second Am. Compl.  The next day, Wells Fargo responded by providing a copy of the Note and Deed of Trust, as well as by forwarding a payoff statement under separate cover.  *See id.*  Furthermore, Wells Fargo provided an explanation as to why some of the information requested was unavailable, indicating that "[a]ny information [the Camineros] requested that has not been provided, is privileged ASC information and can not be released."  *Id.*  Wells Fargo also provided a phone number and the hours of operation for its Customer Relations Department in the event the Camineros needed further assistance.  *Id.*

Plaintiffs' claim that Wells Fargo's response to the February 7 letter violated RESPA rests on the sole allegation

that Wells Fargo "fail[ed] to provide Plaintiff[s] with the information and documentation requested, or an explanation why the information sought was unavailable," within 60 days of the February 7 letter.  Pls.' Second Am. Compl. ¶ 52.  However, an examination of the February 19 and 20 letters, as well as the relevant statutory provisions, indicates that the facts and law supporting Plaintiffs' Second Amended Complaint contradict this allegation.  Both the February 19 letter acknowledging receipt and the February 20 letter responding to Plaintiffs' requests were sent in a timely manner.  Additionally, the February 20 letter provided some of the information requested, an explanation as to why the rest of the information was unavailable, and the name and telephone number of the Wells Fargo department that could provide the Camineros with whatever further assistance they needed.  *See* Ex. 9 to Pls.' Second Am. Compl.  Plaintiffs plead no facts indicating that Wells Fargo's response was in any way improper or inadequate.  Therefore, the Court finds that Plaintiffs have failed to plead sufficient facts supporting their allegation that Wells Fargo violated 12 U.S.C. § 2065(e) in its response to the February 7 letter, and will dismiss this portion of the RESPA claim.[3]

---

[3] Moreover, the fact that the Court, in its October 10, 2007 Memorandum Opinion, stated that Wells Fargo "did not include the requested disclosures" in its letters of February 19 and 20 does not save Plaintiffs' claim.  There, the Court was simply reciting the allegations of Jose Caminero's original Complaint as a means of providing some background to its decision to grant leave to amend and was not making any factual findings.

11

The Camineros' June 30, 2007 letter consisted of a rescission notice as well as further requests for information and documentation.  *See* Ex. 10 to Pls.' Second Am. Compl.  Wells Fargo confirmed receipt of that letter on July 12, 2007, *see* Ex. 11 to Pls.' Second Am. Compl., but Jose Caminero filed suit on August 13, 2007 – less than 60 days from June 30.  The Supreme Court has held that "[a] claim is not ripe for adjudication if it rests upon contingent future events that may not occur as anticipated, or indeed may not occur at all."  *Texas v. United States*, 523 U.S. 296, 300 (1998); *see also Harris v. American General Finance, Inc.*, 2007 U.S. App. LEXIS 29312, at *6-7 (10th Cir. Dec. 18, 2007)(dismissing as unripe a RESPA claim that was filed before the 60 day deadline for a substantive response).

Plaintiffs nevertheless contend that they were justified in filing early because Wells Fargo had already ignored its duty to respond to the rescission notice within 20 days and had already violated RESPA by continuing its collection efforts.  However, the issue here is whether Wells Fargo's actions complied with the requirements of 12 U.S.C. § 2605(e), which says nothing about how a loan servicer should respond to a rescission notice or whether collection efforts must cease upon receipt of a QWR.  As a result, because Jose Caminero filed suit before Wells Fargo was obligated to respond, Plaintiffs' RESPA claim as to the June 30 letter was unripe and fails as a matter of law.  The Court

will therefore dismiss the RESPA claim against Wells Fargo in its entirety.

### B. Nationstar's Motion to Dismiss

Nationstar moves to dismiss the TILA claim on the ground that Plaintiffs' right to rescind expired before the notice of rescission was sent and that Plaintiffs cannot now seek to enforce that right. Because the Court has already addressed this issue in Part III.A.1. of this Opinion, it need not do so again, and finds that Plaintiffs cannot seek to enforce their right to rescind against Nationstar.

Nationstar also contends that, to the extent Plaintiffs are seeking damages for the alleged TILA violation, such damages are barred by the statute of limitations. While Section 1640(a) provides that actual damages and certain statutory damages are available for TILA violations, *see* 15 U.S.C. § 1640(a), Section 1640(e) provides that any civil action brought under that section must be brought "within one year from the date of the occurrence of the violation," *Id.* § 1640(e). Nationstar argues that, because the Transaction closed on December 15, 2005, the alleged violation occurred then, and the one-year statute of limitations expired almost eight months before Jose Caminero filed suit.

Plaintiffs provide two arguments in response. First, they claim that Nationstar violated 15 U.S.C. § 1635(b) on June 30, 2007 – less than two months before Jose Caminero filed his Complaint – when it continued to assess finance and other charges

13

on the Camineros even though they had provided Nationstar with a notice of rescission. However, given the Court's finding that Plaintiffs' right to rescind expired on April 18, 2006, Plaintiffs' rescission notice of June 30, 2007 was invalid. As a result, Plaintiffs cannot use Wells Fargo's conduct in response to that notice as the basis for statutory damages.

Second, Plaintiffs characterize Nationstar's failure to provide the proper number of Notices of Right to Rescind as a violation that continues to occur so long as Plaintiffs' right to rescind has not yet expired, and contend that the one-year limitation would not begin to run until that right expired. Again, because Plaintiffs' right to rescind terminated on April 18, 2006, even were the Court to accept Plaintiffs' view of the law, they only had until April 18, 2007 to file suit. The Court therefore finds that Plaintiffs' claim for damages under TILA is untimely, and will grant Nationstar's Motion to Dismiss.

### IV.  Conclusion

For these reasons, the Court will grant Wells Fargo's Motion to Dismiss and grant Nationstar's Motion to Dismiss.

An appropriate Order will issue.


March 5, 2008                          _____/s/_____
Alexandria, Virginia                        James C. Cacheris
                                     UNITED STATES DISTRICT COURT JUDGE